UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAMON PATTERSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-0106** |
| **WARDEN KEITH COOLEY** | **SECTION "B"(4)** |

### ORDER AND REASONS

The petitioner, Damon Patterson, filed a **Motion for Stay of Proceedings in the Criminal District Court (Rec. Doc. No. 9)** in connection with his captioned petition for the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Patterson requests that this Court stay his state court multiple offender sentencing proceedings scheduled for March 27, 2015, because the proceeding will be prosecuted by the same state authorities who he alleges have wrongfully prosecuted him on the underlying criminal charges based on false evidence and perjured testimony. He suggests that the State is taking advantage of the state law by retrying him as a multiple offender when they failed to present sufficient evidence in the first hearing. He also argues that he should not be sentenced as a multiple offender until this Court has had an opportunity to determine whether his conviction itself was valid.

To obtain a stay of state court criminal proceedings, the petitioner must allege facts that, if true, would authorize an injunction under 28 U.S.C. § 2283, otherwise known as the Anti-Injunction Act. Federal courts do not intervene in state court criminal matter except in extraordinary circumstances where the danger of irreparable loss is both great and immediate. *See Younger v. Harris*, 401 U.S. 37, 43 (1971) (in order for federal court to intervene in pending state proceeding, movant must show immediate danger of irreparable damages); *Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977) ("Thus, we conclude that Petitioner must satisfy the *Younger* abstention hurdles

before we may give federal habeas relief."). Patterson has failed to allege facts that, if established, would authorize this court to intervene in the state court proceeding.

Under *Younger*, a federal court must decline the request to stay state criminal proceedings when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." (internal citations omitted) *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). The Court finds that petitioner has failed to overcome these obstacles to the granting of the stay.

"Interference is established 'whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly.'" *Bice*, 677 F.3d at 717 (quoting *Joseph A. ex rel. Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002)). The Supreme Court has held that a federal court issuing an injunction preventing state criminal prosecution would necessarily interfere with an ongoing state proceeding. *Younger*, 401 U.S. at 41. Clearly, Patterson's multiple offender sentencing proceeding is pending as the very matter forming the basis of his request. The granting of relief in this case certainly would interfere with the State's ability to prosecute the multiple bill and the Trial Court's ability to conduct its proceedings.

Under the second condition, the State must have "an important interest in regulating the subject matter of the claim." *Bice*, 677 F.3d at 717. The federal courts have long recognized that "[t]he State has a strong interest in enforcing its criminal laws." *DeSpain v. Johnston*, 731 F.2d

1171, 1176 (5th Cir. 1984). Under the *Younger* doctrine, if the only risk to the petitioner's federal rights is one that can be eliminated by the defense to the criminal prosecution, "the balance tips heavily in favor of the state government and its interest in enforcing its criminal laws." *DeSpain*, 731 F.2d at 1177 (citing *Younger*, 410 U.S. at 47). The State of Louisiana has the right to enforce its sentencing laws and proceed to completion of Patterson's criminal proceedings without interference from this Court where no extraordinary circumstance has been shown.

Under the third consideration, the petitioner must have "an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice*, 677 F.3d at 716 (quoting *Middlesex*, 457 U.S. at 432). In this case, Patterson has ample opportunity to challenge the constitutionality of his conviction and his multiple offender proceedings and sentencing in the state courts. Patterson can challenge the multiple bill and the propriety of the proceeding at the hearing itself. He also will have the opportunity to appeal his multiple offender proceeding and sentencing to the higher state courts. Patterson also indicates that he has not yet appealed his conviction, perhaps because of the on going sentencing proceedings. The state courts may still allow him to do so. In addition, Patterson indicates that has begun post-conviction remedies in the state courts, none of which has he exhausted. Of course, without completion of all available state court review on the issues before this Court, Patterson's federal petition will be dismissed for failure to exhaust. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005); *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982). Patterson by his own representations clearly has opportunities in the state courts for review of any constitutional challenges he may have to his conviction and the scheduled sentencing.

For the foregoing reasons, Patterson has not established a basis for this Court to interfere with the ongoing state criminal proceedings through issuance of a stay. He has not presented any

reason or recognized exception for this Court to overlook the dictates of comity as mandated by the *Younger* doctrine. *See Texas Ass'n of Business v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004).

The long established principles of federal law are clear that "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal [proceeding]." *Brown v. Estelle*, 530 F.2d 1280, 1282-83 (5th Cir. 1976) (citations omitted). The *Brown* Court warned of the hazards of granting federal relief to those petitioners who seek no more than the issuance of a stay simply "to abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Id.*, at 1283 (citations omitted). Because of this, *Younger* and its progeny have established that "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 364 (1989) (citing *Younger*, 401 U.S. at 37).

For the foregoing reasons, this Court will not interfere with the ongoing state criminal multiple offender proceedings. This is so particularly where the petitioner has failed to make the requisite showing for entitlement to injunctive relief that would stay the hearing scheduled to commence on March 27, 2015. The Court finds no special circumstances which would justify such intervention. Accordingly,

**IT IS ORDERED** that Patterson's **Motion for Stay of Proceedings in the Criminal District Court (Rec. Doc. No. 9)** is **DENIED**.

New Orleans, Louisiana, this 19th day of March, 2015.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

4