```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**DAMON PATTERSON**                                              **CIVIL ACTION**

**VERSUS**                                                       **NO. 15-0106**

**KEITH COOLEY AND THE**                                         **SECTION "B"(4)**
**STATE OF LOUISIANA**

### ORDER AND REASONS

### NATURE OF THE CASE AND HABEAS PETITION:

This habeas petition was filed by Mr. Damon Patterson (hereinafter "Petitioner" or "Patterson") on January 16, 2015.[1] In his petition, Patterson asserts fifteen grounds for relief. Prior to filing his federal habeas petition, petitioner submitted an application for post-conviction relief to the state trial court in which he asserted the exact same grounds for relief.[2] Petitioner has conceded that his post-conviction relief application is pending before a Louisiana state court.[3] In the Report and Recommendation, the Magistrate Judge recommends that the petitioner's habeas corpus petition be dismissed without prejudice for failure to exhaust state court remedies. For the reasons below, **IT IS ORDERED** that the petition is **DISMISSED WITHOUT PREJUDICE.**

---

[1] Rec. Doc. No. 1.
[2] Doc. No. 22 at 3.
[3] *See* Rec. Doc. No. 1, pp. 3, 5.

**FACTS AND PROCEDURAL HISTORY:**

On November 15, 2011, Petitioner was charged by a Bill of Information in Orleans Parish on four counts: felon in possession of a firearm, resisting arrest, possession of cocaine, and use or possession with intent to use paraphernalia.[4] Petitioner represented himself in the matter and was assisted by stand-by counsel at the trial.[5] The jury found petitioner guilty on counts one and two, but was unable to reach a verdict on count three.[6] Further, the trial court judge ruled on count four and found the petitioner guilty as charged.[7]

The court sentenced Patterson to concurrent terms in prison for counts one, two, and four. The court later rescheduled a retrial for count three. Petitioner did not appeal the convictions. However, on July 1, 2014, petitioner filed a post-conviction relief application before the state trial court. As for count three, the State and defendant held additional pretrial proceedings that spanned two years.[8] So far, the record reflects no ruling on the state application for post-conviction relief and no retrial on count three. Petitioner concedes that his post-conviction relief application is pending before the state trial court. Further, evidence demonstrates that

---

[4] St. Rec. Vol. 1 of 2, Bill of Information, 11/15/11.
[5] St. Rec. Vol. 1 of 2, Trial Minutes, 8/13/12; Trial Minutes, 8/15/12.
[6] St. Rec. Vol. 1 of 2, Trial Minutes, 8/15/12.
[7] St. Rec. Vol. 1 of 2, Minute Entry, 8/23/12.
[8] The record does not demonstrate whether the retrial has yet occurred.

Petitioner is also pursuing other supervisory writs in the Louisiana Fourth Circuit Court of Appeal.

On January 16, 2015, Petitioner filed a federal habeas corpus petition asserting the exact same fifteen grounds for relief as his state post-conviction relief application.[9] The State has filed an opposition arguing that all challenges to the pending count three charge (possession of cocaine) are premature and unexhausted as that count is scheduled for retrial.[10] The State further argues that the habeas claims brought pursuant to 28 U.S.C. § 2254 are unexhausted, except for the second claim challenging the denial of a preliminary hearing which was exhausted in a pretrial proceeding.[11] In the Report and

---

[9] These grounds for relief include: (1) petitioner's imprisonment resulted from an unlawful arrest in violation of his right to due process; (2) petitioner was deprived of his right to a preliminary hearing; (3) the Trial Court improperly denied petitioner's motion to suppress evidence; (4) petitioner received ineffective assistance from co-counsel; (5) the trial court erred in not instructing the jury on responsive verdicts for the resisting arrest charge and in denying the motion for post-verdict judgment of acquittal; (6) the bill of information was invalid and fatally deficient; (7) the trial court erred in allowing the state to play the recording of an out-of-court witness statement for the jury; (8) the trial court erred in allowing the petitioner to be convicted as a felon in possession on insufficient evidence; (9) the conviction was based on evidence obtained after an unlawful search done without consent; (10) the chain of evidence custody was invalid and insufficient; (11) petitioner's conviction and imprisonment was obtained through violations of due process and the right to a fair and impartial trial where the State suppressed favorable evidence, relied on false testimony, made improper remarks to the jury, and coached witnesses before their testimony; (12) the trial court erred in failing to rule on the motion to quash the bill of information prior to trial; (13) the evidence was insufficient to support the felon in possession conviction; (14) petitioner should have been given an opportunity to file out-of-time supervisory writ applications regarding the denial of certain pretrial and post-verdict motions; and (15) that the Trial Court erred in preventing him from filing post-verdict motions by allowing the sheriff's deputies to confiscate his papers.
[10] Rec. Doc. Nos. 20, 21.
[11] *Id.*

3

Recommendation, the Magistrate Judge notes that Petitioner filed his habeas petition as a challenge to his judgment of conviction for counts one, two, and four. The federal habeas petition does not indicate that petitioner wants to challenge the pending count three charge in this federal petition. Therefore, this memorandum analyzes the State's exhaustion defense as it relates to petitioner's other three convictions.

**PETITIONER'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner contends that he is exempt from the exhaustion requirement because he is presently being denied access to the state courts.[12] Further, petitioner asserts that he has *prima facie* evidence that demonstrates that the State is purposely restraining his ability to exhaust his pending state claims by intercepting his letters to state appellate courts.[13] Nevertheless, petitioner acknowledges that his state claims are currently pending before the state trial court and have not been resolved or presented for review in the higher state courts.[14]

**THE DOCTRINE OF EXHAUSTION**

Under 28 U.S.C. § 2254, an application for a writ of habeas corpus shall not be granted unless the applicant first exhausts

---

[12] Petitioner's Motion Objecting to the Magistrate's Report and Recommendation pg. 2 (Petitioner specifically states that his mail is being intercepted, being denied access to legal resources such as to a law library, case law, and copy machines).
[13] Rec. Doc. No. 23 at 4.
[14] *Id.*

4

all available state court remedies. 28 U.S.C. § 2254(b)(1)(A). The well-established test for exhaustion requires that the "substance of the federal habeas claim [be] fairly presented to the highest state court." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). If a habeas petition contains both exhausted and unexhausted claims, then the court should dismiss the petition without prejudice. *Rhines v. Weber*, 544 U.S. 269, 273-74 (2005); *Rose v. Lundy*, 455 U.S. 509, 518-19(requiring "total exhaustion" of claims in state courts).

In the present case, Petitioner concedes that he has not exhausted all of the claims contained in his state post-conviction relief application. However, Petitioner asserts, and the State concedes, that his second claim of not having a preliminary hearing is exhausted.[15] This makes Petitioner's habeas application mixed with both exhausted and unexhausted claims. Therefore, under *Rhines*, 544 U.S. at 273-74, Petitioner's federal habeas petition should be dismissed without prejudice as the petition consists of non-exhausted state claims. Once Petitioner exhausts all of his state remedies, then he may bring all his claims in a federal petition of habeas corpus. However, Petitioner may bring his single exhausted

---

[15] Rec. Doc. No. 22 at 5 (The record demonstrates that the second claim challenging the denial of a preliminary hearing was exhausted in pretrial proceedings).

5

claim, but will lose any other non-exhausted claim if he chooses to do so.

**THE FUTILITY EXCEPTION TO THE EXHAUSTION REQUIREMENT**

Petitioner argues that his legal outgoing mail is being intercepted by the State which denies his ability to exhaust state remedies. In certain circumstances, a Petitioner may be exempted from the exhaustion requirement.  The exhaustion requirement may be excused when "there is an absence of available State corrective process" or when "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).  The Supreme Court first recognized the exception in *Marino v. Ragen*, where Justice Rutledge, in his concurrence, stated that when state remedies are "so intricate and ineffective that in practical effect they amount to none" and "[offer] no adequate remedy to prisoners", then exhaustion of state remedies is futile. *Marino v. Ragen*, 332 U.S. 561, 565 (1947).  In *Marino*, the court found that the Illinois procedural process for exhaustion was so extensive and confusing that it did not allow the Petitioner to exhaust his state claims. *Marino*, 332 U.S. at 564-65.  Further, this Court previously applied the futility exception in *Nicks v. Cain*, where it was clear that the Petitioner's habeas claims had already been considered by the Supreme Court of Louisiana. *Nicks v. Cain,* 2005 WL 1578024*,* No. Civ. A. 04-0519, at *4 (E.D. La.

6

June 30, 2005). This Court determined that sending the case back to the Supreme Court of Louisiana would be futile because there was no reason to believe that sending the case back would result in a different outcome.  In addition, the Fifth Circuit has taken the position that exceptions to the exhaustion requirement only apply in extraordinary circumstances, and the prisoner bears the burden of demonstrating the futility or unavailability of administrative review. *Fuller v. Rich,* 11 F.3d 61, 62 (5th Cir. 1994).

    Here, Petitioner has not specifically demonstrated to the court that prison administrative remedies have been exhausted. He has not shown that he has filed a complaint with prison authorities or that he has appealed a complaint that has been denied.  All that Petitioner has done is allege in his habeas petition that his legal outgoing mail has been intercepted.[16] Once Petitioner exhausts administrative remedies, then Petitioner may go forward with the claim that attempts to attain state remedies are futile if he still cannot access the state courts. See *Fuller,* 11 F.3d at 62.  Petitioner will then have the burden of specifically demonstrating how the State intercepts his legal mail or is otherwise blocking his attempts to bring his claims in state court.  This could include presenting evidence of certified mail receipts with no return

---

[16] Rec. Doc. No. 23 pg. 2.

date and written statements from clerks of courts of appeal stating that Petitioner's legal mail was never delivered.  Until then, Petitioner's writ should be dismissed until administrative remedies are exhausted.

**CONCLUSION**

Having considered the Magistrate's Report and Recommendation, the Petitioner's Objections to the Magistrate's Report and Recommendation, and the applicable law, **IT IS ORDERED** that the instant habeas corpus petition is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state claims.  Petitioner should exhaust prison administrative remedies to cure mail interception.  If that does not cure his inability to access state courts, then he may replead on futility grounds.  If it does, then he must exhaust state court remedies before repleading.

New Orleans, Louisiana, this 29th day of October, 2015.

UNITED STATES DISTRICT JUDGE